UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Kevin Hall</u>

    v.                                              Civil No. 06-cv-095-PB

<u>Ronald White, Superintendent,
Merrimack County Department of
Corrections</u>


**REPORT AND RECOMMENDATION**

Currently before me for preliminary review is Kevin Hall's *pro se* and *in forma pauperis* petition for a writ of habeas corpus.[1] <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review actions filed *pro se*). For the reasons stated herein, I recommend the petition be dismissed without prejudice.

<u>Standard of Review</u>

Under this court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the

---

[1] Although Hall does not specify the statutory authority for filing his petition, Hall's petition alleges an action under 28 U.S.C. § 2241 which empowers a federal district court to issue a habeas writ where, as here, a judgment has not yet been rendered in the criminal proceeding at issue.

magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Hall was indicted in May 2005 on a charge of felony criminal mischief.  The trial court set a high cash bail, which Hall has been unable to meet.  As a result, Hall has been incarcerated by the Merrimack County Department of Corrections since May 2005 awaiting trial.

Hall has been assigned two different court-appointed attorneys to represent him in his criminal case.  In his habeas petition, Hall describes numerous errors and omissions by his attorneys that have resulted in delays in the resolution of his case, and that have prejudiced his ability to defend himself against the charge against him.

Hall communicated by letter frequently with his first attorney, advising the attorney that he wished to file a notice of intent to assert an affirmative defense of justification, and

that he wanted to assert his right to a speedy trial.  Hall also detailed for his attorney the witnesses, testimony, and evidence that he felt were necessary to present in his defense at trial.  Hall alleges that his attorney failed to comply with any of these requests.  Hall's attorney did file an affirmative defense notice, but not within the time limit for such a filing set forth in the applicable statute.

Prior to the date first set for trial, the trial court advised Hall that due to the late filing of the affirmative defense notice, Hall would have to proceed to trial as scheduled without presenting his defense, or he would have to agree to a continuance of his trial.  Hall agreed to continue the trial so that he could present his defense.

Hall alleges that his first attorney caused additional delays in the resolution of his case by failing to obtain Hall's medical records within a reasonable period of time, failing to answer any of Hall's legal questions, misrepresenting Hall's statements when speaking to the trial judge, and by refusing to provide Hall with any of the discovery materials provided to the attorney by the prosecution.

On February 25, 2006, two weeks before Hall's rescheduled trial date, Hall's first attorney withdrew from the case. The trial was rescheduled for mid-April, and a new attorney was appointed to represent Hall.

Hall contends that despite the change in court-appointed attorneys, he has still received inadequate legal representation. Hall alleges that his second attorney refuses to file a bail reduction motion, even though the trial court has indicated a willingness to entertain a bail reduction. The attorney refuses to present Hall's affirmative defense. And the attorney has stated that he cannot be ready for trial by the mid-April trial date.

In his federal habeas petition, Hall claims that he has been deprived of his Sixth Amendment right to: (1) a speedy trial due to the delays caused by avoidable errors on the part of his attorneys, (2) a fair trial due to the destruction and erosion of evidence caused by the passage of time since the time the crime is alleged to have occurred, and (3) the effective assistance of counsel, because the representation he has received has fallen well below acceptable standards of competence. Hall seeks a writ

of habeas corpus because he alleges his continued incarceration under these circumstances violates his constitutional rights.

## Discussion

1. <u>Exhaustion</u>

A basic prerequisite for petitioning for relief under § 2241 is exhausting the remedies available in the state courts. 28 U.S.C. § 2241(c)(3); <u>see</u> <u>also</u> <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973) (holding that a § 2241 habeas petitioner must exhaust his available and effective state court remedies before being eligible for federal habeas relief); <u>Benson v. Super. Ct. Dep't of Trial Ct. of Mass.</u>, 663 F.2d 335, 358-59 (1st Cir. 1981). Hall has not demonstrated exhaustion of state court remedies in this matter, and the timing of his petition, which was filed here less than three weeks after some of the acts complained of in his petition, strongly suggest that exhaustion has not taken place.

Although in some instances, special circumstances might allow a petitioner to proceed without fully exhausting all of his state remedies, ordinarily, a petitioner must provide the highest court of the state the opportunity to rule on any constitutional issues and correct any constitutional errors that may have

occurred in the trial court before seeking federal habeas relief. Braden, 410 U.S. at 489-92; Benson, 663 F.2d at 358-59 (internal citations omitted). Those special circumstances include double jeopardy claims, or claims of a denial of speedy trial when the requested relief is an immediate trial. In re Justices of the Super. Ct. Dep't of the Mass. Trial Ct., 218 F.3d 11, 18 n.5 (1st Cir. 2000) (citing Allen v. Attorney Gen. of Me., 80 F.3d 569, 572 (1st Cir. 1996) (double jeopardy) and Braden, 410 U.S. at 491 (speedy trial)). Here, Hall has demonstrated neither that he has exhausted his state remedies nor that his request falls under any special exception to that requirement. Hall has not alleged any double jeopardy claim and, although he has alleged a speedy trial claim, he has not requested an immediate trial as relief, but instead argues that his speedy trial right has been violated in such a manner that the harm would not be remedied by an immediate trial. For this reason, I recommend dismissal of the petition in its entirety.

2.  Abstention

Although the failure to exhaust alone is sufficient grounds to recommend dismissal of this case, there is an additional compelling reason to dismiss Hall's petition. The substance of

Hall's petition is that during the pendency of his criminal case in the state courts, his rights have been violated in such a manner that it will be impossible for him to receive a fair trial.  Accordingly, while his petition lacks a specific request for dismissal, the natural conclusion to be drawn from his argument is that only dismissal and an immediate release from further prosecution of this matter will assure that Hall's rights are not further violated.  The abstention principles announced in Younger v. Harris, 401 U.S. 37 (1971) require this Court to reject pretrial habeas petitions in order to avoid derailment of or interference with a pending state criminal proceeding.  In re Justices, 128 F.3d at 19 ("With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings.")  The petitioner is simply not entitled to consideration of his federal habeas claims until such time as this Court's actions will not seriously disrupt state judicial proceedings.  Id.  Accordingly, I recommend that this matter be dismissed without prejudice to refiling if the state

court does not provide petitioner with a satisfactory resolution of his constitutional claims.

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    March 24, 2006

cc:      Kevin Hall, *pro se*